Jay **SPRINGER**, Plaintiff–Counter-
Defendant-Appellant-Cross-
Appellee,

v.

Meyer **TEMKIN**, Michael **Temkin**, and Elizabeth **Temkin**, Defendants–Counter–Claimants–Appellees–Cross–Appellants.

Docket No. 04–4822.

United States Court of Appeals, Second Circuit.

July 22, 2005.

Robert B. McKay, Carney & McKay, Garden City, NY, for Springer.

Paul D. Montclair, Montclair & Wachtler, New York NY, for Temkin, et al.

Present: JACOBS, POOLER, Circuit Judges, and HURD,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Jay Springer appeals from the August 5, 2004 judgment following bench trial in the United States District Court for the Eastern District of New York (Friedman, *J.*); the Temkins cross-appeal from the April 23, 2003, grant of summary judgment dismissing their cross claims (Ross, *J.*). We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

Of the two partners in a series of joint real estate ventures, Fred Springer died first and Meyer Temkin (now also deceased) became his executor. At a point in time, Fred Springer's son, Jay, sought distribution of part of his interest in the estate and he and Temkin arranged a two-step transaction whereby shares in certain ventures would be released to Jay Springer and immediately sold to Temkin's children. When the two-step transaction took place, the share prices were derived from the estate tax valuation, which was in turn based on the rental income at the time of the appraisal.

Jay Springer now attacks the transaction on the ground that Temkin breached fiduciary duties to him, chiefly on the ground that by the time of the transaction, Temkin had already put in place a lease arrangement at a much higher rate than that at the time of the tax appraisal.

After a three day bench trial involving testimony from all the relevant parties, the district court found that Temkin fully disclosed the new lease terms to Jay Springer and that Springer, a lawyer, knowingly followed through with the transaction for his own purposes.

Jay Springer raises a variety of arguments attacking the assumptions, findings, and conclusions of the district court. We are satisfied that the critical findings are factual in nature, that they are not clearly erroneous, *see* Fed.R.Civ.P. 52(a); *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002), and that therefore Temkin committed no actionable breach of fiduciary duty. We decline to decide issues of law raised in

---

* The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

the brief that could not affect the outcome in view of the record.

Finally, we reject the Temkins' cross-appeal for substantially the reasons stated by the district court.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**